# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RONALD INGRAM,**
        **Plaintiff,**

   **v.**                                                            Case No. 10C1108

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY,**
        **Defendant.**

---

## ORDER

Plaintiff Ronald Ingram, a citizen of Wisconsin, was injured in an automobile accident. He received $50,000 (the insurance policy limit) in an action against the tortfeasor. Because this amount was inadequate to pay for plaintiff's medical bills, he sought underinsured motorist coverage from his insurer defendant State Farm Automobile Insurance Company (a citizen of Illinois with principal place of business in Illinois). Defendant refused to pay underinsured motorist benefits and thus plaintiff brought this suit in state court for breach of contract, statutory interest pursuant to Wis. Stat. § 628.46, and bad faith. Defendant removed the case to this court pursuant to 28 U.S.C. § 1441on the basis of diversity jurisdiction. The matter is now before me on plaintiff's motion to remand and on defendant's motion to bifurcate and stay proceedings.

Plaintiff's motion to remand is based on Wisconsin's direct action statute, Wis. Stat. § 632.24. This statute permits an injured person to bring a negligence suit directly against a tortfeasor's insurer without joining the insured or first obtaining a judgment against him. Estate of Otto v. Physicians Ins. Co. of Wis., Inc., 311 Wis. 2d 84, 99 (2008). In order to

prevent plaintiffs from abusing these types of statutes, see Lumbermen's Mut. Casualty Co. v. Elbert, 348 U.S. 48, 56-57 (1954) (J. Fankfurter concurring) (describing how litigants could avoid suing tortfeasors in state court by using direct actions against out of state insurers in federal court), 28 U.S.C. § 1332(c)(1) [1] restricts diversity jurisdiction by deeming the citizenship of the insurer in a direct action to include its insured's. Plaintiff contends that he is bringing a direct action against his insurer and thus § 1332(c)(1) destroys diversity because defendant must be deemed to be a citizen of Wisconsin. This contention is without merit. First, plaintiff is not bringing a negligence action against a tortfeasor's insurer. He brings claims for breach of contract and bad faith against his own insurer (which obviously cannot be brought against the tortfeasor). Therefore this action is not a direct action under Wis. Stat. § 632.24. See Rogers v. Saunders, 309 Wis. 2d 238, 244 (Ct. App. 2008) (§ 632.24 allows direct actions against a negligence insurer for negligence claims and does not allow plaintiff to bring contract claims against the defendant's insurer). Second, § 1332(c)(1) is not applicable to suits for breach of uninsured motorist provisions or for bad faith refusal to settle claims. Tuck v. United Services Auto. Asso., 859 F.2d 842, 847 (10th Cir. Okla. 1988); Beckham v. Safeco Insurance Co. of America, 691 F.2d 898, 901 (9th Cir. 1982); Bodine's Inc. v. Federal Ins. Co., 601 F. Supp. 47, 50 (N.D. Ill. 1984). Therefore I will deny the motion to remand.

---

[1] "For the purposes of this section [diversity of citizenship] and section 1441 [removal] of this title, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance. . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen. . . ." 28 U.S.C. § 1332(c)(1).

Defendant moves to bifurcate and stay the case so that plaintiff's breach of contract claim is litigated before his claims for bad faith and statutory interest. The court has broad discretion to order separate trials to promote convenience, avoid prejudice, or expedite matters. See Fed. R. Civ. P. 42(b). Defendant contends that discovery on the bad faith claim necessarily involves plaintiff's claim file, which is privileged attorney work product that would not have been discoverable had plaintiff brought only a claim for breach of contract. As a result, it argues that litigating the claims simultaneously will cause prejudice, confuse the trier of fact, and impede settlement negotiations. See e.g. Dahmen v. American Family Ins. Co., 247 Wis. 2d 541, 547 (Ct. App. 2001). I find defendant's argument unpersuasive. It is not clear that a trial on both claims will be necessary as one or more of them could be decided on summary judgment. Thus it is not necessary at the present moment to consider whether to bifurcate trial. Further, it appears that there will be significant overlap between the claims such that it would be wasteful to take a piecemeal approach to discovery. Beigl v. Transamerica Life Ins. Co., 2010 U.S. Dist. LEXIS 53770, 7-9 (W.D. Wis. May 27, 2010) (allowing discovery to proceed on all issues simultaneously promotes efficiency and likely outweighs prejudice to insurer). Therefore I will deny defendant's motion as well.

For the reasons stated,

**IT IS ORDERED** that plaintiff's motion to remand is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion to stay and bifurcate is **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of May 2011.

/s_____
LYNN ADELMAN
District Judge